December 18.
JUDGE GEEEN.
The Appellee, John Mayse, filed his Bill against the Appellant, Joseph Meze, stating, that he had been appointed a Deputy for the Appellant, a High Sheriff of Green-brier County, and had agreed to pay $150 for the deputation. He charges, that the .Appellant had discharged him from his office of Deputy before his office expired, contrary to his contract, and without just cause. He states, that during his continuance in the office of Deputy Sheriff, he had collected some arrearages of taxes accruing before he was Deputy, and intending to pay them over to the High Sheriff, he had, by mistake, paid him a part of the taxes which he had collected for the year in which he was Deputy, to *the amount of $36 02, which he aftcrwaids, paid into the Treasurj': that the High Sheriff had collected other taxes due in the year in which the Plaintiff was Deputy to the amount of $82 40, for which he, the *860 Plaintiff, had also accounted to the Treasury; and prays for a Decree on this score for $74 02, the balance of the two sums above mentioned, after deducting' $44 40, a propor tion of the price which he was to pay for the deputation of the office, according to the time during which he was permitted to continue in the office. He also prays for a Decree for damages for the violation of the contract by the High Sheriff, in discharging him from office.
The Plaintiff held, and exhibited the High Sheriff’s receipt for the arrearages of taxes mentioned in the Bill, including the taxes due by the same persons for 1815, the year the Plaintiff was Deputy; so that he had the most perfect proof of the fact that he had paid the $36 02. both to the High Sheriff, and into the Treasury, and that the High Sheriff was responsible to him for that sum. The Bill alleges, by way of giving jurisdiction to the Court, that “there are certain items in the Plaintiff’s account which he cannot substantiate by any other person or evidence, known to him at that time, except by the Answer, and testimony of the Defendant himself, to wit, ail the items contained in the exhibit B.’’ These were the items, consisting of taxes to the amount of $82 40, charged to be collected by the High Sheriff, and paid into the Treasury by the Deputy. One item of this was $30, received for a Merchant’s license, and for which the High Sheriff gave a receipt, as stated on the face of the exhibit: another was $16 91, paid by the Executor of Wright Southgaie, and proved by his deposition. Two items charge4 in the exhibit, were not received by the High Sheriff, amounting to $29 21; and the other sums being received from third persons, who probably had the Sheriff’s receipt, could certainly have been proved, without a discovery from the Defendant. The Plaintiff did not admit, in his Bill, that the ^Defendant had any set-offs against his claims, and excepted to every set-off allowed by the Commissioners. So, that there never was a case more clearly proper for a Court of Law, and improper for a Court of Equity, than this. A ciaim on the part of the Plaintiff, for two sums of money, paid by him for the Defendant both capable of proof in a Court of Law, and no set-offs which could make the accounts at all complicated. So far as this was a Bill for an. account, it should have been dismissed, for want of jurisdiction, on the Plaintiff’s own showing.
The claim to damages for a breach of contract, merely sounding in damages, was still more unfit for the jurisdiction of a Court of Equity. A Court of Equity can give damages in no case where the party has a clear remedy at law; nor even when he has no such remedy, unless, perhaps, under very peculiar circumstances. Anthony v. Leftwich, 3 Rand. 238. The issue of quantum damnificatus, is a familiar term in the Courts of Equity, but is resorted to chiefly, if not solely, in cases where a party applying for relief against a penalty, it is necessary to ascertain the damages for which the Plaintiff is responsible, and bound to pay, as the condition of the relief sought. Unliquidated damages can never surely be said to be the subject of account. Nor was it necessary to ascertain whether the contract had been violated by the High Sheriff, in order to determine whether he was entitled to charge the Deputy in account with the price stipulated to be paid for the deputation of the office; for, whether the Sheriff was right or wrong in discharging the Deputy, he could not, in equity, claim more of the stipulated price, than a pro rata compensation for the term the Deputy actually enjoyed the office. I think the Decree should be reversed, and the Bill dismissed, with costs.
JUDGES CABELL, COALTER and CARR concurred. The PRESIDENT absent.